**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000568
23-AUG-2019
08:56 AM**

NOS. CAAP-17-0000568 and CAAP-17-0000612
(CONSOLIDATED)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


**NO. CAAP-17-0000568**
MARY ANN McANDREW, Individually and as Trustee of the
Mary Ann McAndrew Revocable Living Trust dated
March 11, 2005, Plaintiff-Appellant/Cross-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF KUAPA ISLE, an
unincorporated condominium association, by its Board of
Directors; GERRY BOGERT; GARRY BRECHIN; JIM DITTMAR;
MARK ELWELL; HOWARD TOCMAN; and FRED WONG,
Defendants-Appellees/Cross-Appellants,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants.

---

**NO. CAAP-17-0000612**
ASSOCIATION OF APARTMENT OWNERS OF KUAPA ISLE, an
unincorporated condominium association, by its Board
of Directors, Plaintiff-Appellee,
v.
MARY ANN McANDREW, Individually and as Trustee of the
Mary Ann McAndrew Revocable Living Trust dated
March 11, 2005, Defendant-Appellant,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 16-1-1638 and 14-1-1550; S.P. NO. 16-1-0326)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

In this consolidated appeal, Defendant-Respondent-Appellant/Plaintiff-Appellant-Cross-Appellee Mary Ann McAndrew, individually and as the Trustee of the Mary Ann McAndrew Revocable Living Trust dated March 11, 2005 (**McAndrew**), appeals from (1) the July 27, 2017 Final Judgment (**Judgment Confirming Award**) entered in Civil No. 14-1-1550, by the Circuit Court of the First Circuit (**Circuit Court**),[1] in favor of Plaintiff-Applicant-Appellee/Defendant-Appellee-Cross-Appellant the Association of Apartment Owners of Kuapa Isle (the **AOAO**) and Applicants-Appellees/Defendants-Appellees-Cross-Appellants Gerry Bogert, Garry Brechin, Jim Dittmar, Mark Elwell, Howard Tocman, and Fred Wong (collectively, the **Individual Defendants**), and (2) the July 14, 2017 Final Judgment (**Judgment Dismissing Complaint**) entered in Civil No. 16-1-1638, by the Circuit Court,[2] in favor of the AOAO and the Individual Defendants.

With respect to the appeal from Civil No. 14-1-1550, McAndrew also challenges the Circuit Court's December 27, 2016 order (**Order Confirming Award**), which confirmed an August 19, 2016 arbitration award (**Arbitration Award**), as well as the Circuit Court's May 8, 2017 order, which awarded attorneys' fees

_____

[1]    The Honorable Virginia L. Crandall presided in Civil No. 14-1-1550, which included consolidated case S.P. No. 16-1-0326.

[2]    The Honorable Rhonda A. Nishimura presided in Civil No. 16-1-1638.

2

and costs to the AOAO and the Individual Defendants (**Fees Order on Motion to Confirm**).

With respect to the appeal from Civil No. 16-1-1638, McAndrew also challenges the Circuit Court's December 28, 2016 order, which entered summary judgment against McAndrew and dismissed her complaint seeking a trial *de novo* on her claims against the AOAO and the Individual Defendants (**Dismissal Order**). On cross-appeal from Civil No. 16-1-1638, the AOAO and the Individual Defendants challenge the Circuit Court's March 6, 2017 order, which denied their request for an award of attorneys' fees. (**Fees Order re Dismissal**).

This case arises out of a dispute involving certain purportedly unauthorized renovations McAndrew made, or sought to make, to her unit in the Kuapa Isle Condominium Project (**Kuapa Isle**). The AOAO sued McAndrew in Civil No. 14-1-1550, seeking injunctive relief, attorneys' fees, and costs. The Circuit Court's minutes reflect that, at a January 9, 2015 hearing, the parties informed the court that they had agreed to transfer the matter to non-binding arbitration and were "still determining whether arbitration will be binding." On February 11, 2015, McAndrew filed a Demand for Arbitration against the AOAO and the Individual Defendants, with Dispute Prevention and Resolution, Inc. (**DPR**), seeking injunctive relief and damages for alleged wrongful conduct related to McAndrew's requests for approval of various repairs, renovations, and improvements to her unit at Kuapa Isle (**Demand for Arbitration**). On March 20, 2015, the AOAO and the Individual Defendants submitted an answer and the AOAO

submitted a counterclaim to DPR; McAndrew answered the counterclaim. In August of 2015,[3] all parties and DPR entered into an Agreement to Participate in Binding Arbitration (**Binding Arbitration Agreement**), which included in relevant part:

> By agreement of the parties set forth below, Dispute Prevention & Resolution, Inc. (DPR)/Judge Marie Milks (Ret.) [(the **Arbitrator** or **Judge Milks**)] have agreed to conduct a binding arbitration proceeding of the matters in controversy between them. Judge Milks has agreed to serve in the capacity of a neutral and unbiased Arbitrator and will provide arbitration services to the parties on an impartial basis. The parties, DPR, and Judge Milks agree to follow and abide by the DPR Arbitration Rules, Procedures & Protocols, as established by DPR, as well as HRS Chapters 658A and 514B. It is understood and agreed that as a neutral, the Arbitrator will not act as an attorney or advocate for any party.
>
> The Arbitrator shall determine all claims, defenses, and issues submitted to arbitration by the parties via the: 1) Demand for Arbitration filed February 11, 2015 ("Demand"); 2) Respondents Association of Apartment Owners of Kuapa Isle, Gerry Bogert, Garry (incorrectly named as Gary) Brechin, Jim Dittmar, Mark Elwell, Howard Tocman, and Fred Wong's Answer to Claimant Mary Ann McAndrew's Demand for Arbitration Dated February 11, 2015; Counterclaim by Association of Apartment Owners of Kuapa Isle Against Claimant and Additional Counterclaim Defendants filed March 20, 2015 ("Association Answer/Counterclaim"); and 3) Claimant Mary Ann McAndrew, Individually and as the Trustee of the Mary Ann McAndrew Revocable Living Trust Dated March 11, 2005's Answer to Counterclaim by Association of Apartment Owners of Kuapa Isle Against Claimant and Additional Counterclaim Defendants filed August 5, 2015 ("McAndrew Answer"), and may grant any and all remedies that the Arbitrator determines to be just and appropriate under the law. This Agreement shall cover only the claims, defenses, and issues set forth in the aforesaid Demand, Association Answer/Counterclaim, and McAndrew Answer. Should any party desire to amend the Demand, Association Answer/Counterclaim, and/or McAndrew Answer to present new claims, defenses, or issues, a separate Agreement to Participate in Binding Arbitration must be signed by all parties before those additional claims, defenses, and/or issues shall be subject to binding arbitration.
>
> In the Award of the Arbitrator, the Arbitrator shall issue a determination on the issue of all arbitration-related fees and costs, including the Arbitrator's compensation and expenses and DPR's fees and expenses. In the Award of the Arbitrator, the Arbitrator shall also issue a determination on the issue of an award or awards of attorneys' fees and

---

[3] The Binding Arbitration Agreement was signed in counterpart, with the last signature dated August 17, 2015.

> costs as provided by the Association's governing
> instruments and applicable laws and/or statutes.

(Emphasis added).

The Arbitration Award was entered on August 19, 2016. The AOAO and the Individual Defendants filed a special proceeding, S.P. No. 16-1-0326, in which they filed a motion to confirm the Arbitration Award. The AOAO also filed a motion to confirm in Civil No. 14-1-1550, and the two cases were then consolidated. Although McAndrew opposed the motions to confirm, she did not seek to vacate or modify the Arbitration Award. Instead, on August 26, 2016, in Civil No. 16-1-1638, McAndrew filed a Complaint for Trial De Novo. In Civil No. 14-1-1550 (consolidated), the Arbitration Award was confirmed. In Civil No. 16-1-1638, McAndrew's complaint was dismissed. Notices of appeal were timely filed.

McAndrew raises the following points of error on appeal: (1) in CAAP-17-0000568 (the appeal from Civil No. 16-1-1638), McAndrew contends, on various grounds, that the Circuit Court erred in dismissing the Complaint for Trial De Novo; (2) also in CAAP-17-0000568, McAndrew contends that, because the Circuit Court erred in entering the Order Granting Dismissal, the Circuit Court erred in awarding costs and entering judgment against her; (3) in CAAP-17-0000612, McAndrew contends, on various grounds, that the Circuit Court erred in confirming the Arbitration Award; (4) also in CAAP-17-0000612, McAndrew contends that the Circuit Court erred in awarding attorneys' fees against her; and (5) McAndrew contends that the Circuit Court erred in

5

confirming the Arbitration Award without giving her an opportunity for discovery and an evidentiary hearing.

On cross-appeal in CAAP-17-0000568, the AOAO and the Individual Defendants raise the following points of error: (1) the Circuit Court erred in denying their request for attorneys' fees on the grounds that Civil No. 16-1-1638 was not an action in the nature of assumpsit; and (2) the Circuit Court erred in concluding that McAndrew's complaint was filed pursuant to Hawaii Revised Statutes (**HRS**) § 514B-163 (2018), rather than pursuant to HRS § 658A-25 (2016), which arguably would have permitted an award of attorneys' fees against McAndrew.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the parties' points of error as follows:

McAndrew's Contentions

(1) We first address McAndrew's arguments in CAAP-17-0000568, challenging the Order of Dismissal entered in Civil No. 16-1-1638. McAndrew contends that the Circuit Court erred in entering the Order of Dismissal and denying her Complaint for Trial De Novo based on the Binding Arbitration Agreement because: (a) the Binding Arbitration Agreement states that arbitration was being conducted pursuant to HRS chapter 514B; (b) the denial of a trial *de novo* violated McAndrew's constitutional right to a trial by jury; (c) McAndrew did not waive her right to a jury trial; (d) McAndrew complied with the procedural requirements of HRS § 514B-163 and therefore is entitled to a trial *de novo*; (e)

6

McAndrew is not estopped by the Binding Arbitration Agreement from pursuing her right to trial; (f) because the Binding Arbitration Agreement states that the parties agree to "follow and abide by the DPR Arbitration Rules, Procedures & Protocols, as established by DPR, as well as HRS Chapters 658A and **514B**" (emphasis added), the parties' submission to arbitration was pursuant to HRS § 514B-162 (2018) and McAndrew is entitled to a trial *de novo* pursuant to HRS § 514B-163(a); and (g) the Circuit Court improperly considered parol evidence of the parties' communications prior to the execution of the Binding Arbitration Agreement.

McAndrew's arguments are fundamentally flawed. First, it is undisputed that McAndrew did not file a motion to vacate, modify, or correct the Arbitration Award under HRS § 658A-23 and/or § 658A-24 (2016). Thus, McAndrew has waived her right to challenge the confirmation order on any grounds allowed under HRS §§ 658A-23 and 658A-24. See Schmidt v. Pac. Benefit Servs., Inc., 113 Hawai'i 161, 168, 150 P.3d 810, 817 (2006); Mathewson v. Aloha Airlines, Inc., 82 Hawai'i 57, 82, 919 P.2d 969, 994 (1996); Excelsior Lodge No. One, Indep. Order of Odd Fellows v. Eyecor, Ltd., 74 Haw. 210, 222-26, 847 P.2d 652, 658-60 (1992); Arbitration of Bd. of Dirs. of Ass'n of Apartment Owners of Tropicana Manor, 73 Haw. 201, 213, 830 P.2d 503, 510 (1992) (**AOAO Tropicana Manor**).

McAndrew argues that it was unnecessary to seek to vacate or modify the Arbitration Award because HRS § 514B-163

7

provides her with a right to a trial *de novo*. This argument is without merit.

HRS § 514B-163 provides:

> **§ 514B-163 Trial de novo and appeal. (a) The submission of any dispute to an arbitration under section 514B-162 shall in no way limit or abridge the right of any party to a trial de novo.**
> (b) Written demand for a trial de novo by any party desiring a trial de novo shall be made upon the other parties within ten days after service of the arbitration award upon all parties and the trial de novo shall be filed in circuit court within thirty days of the written demand. Failure to meet these deadlines shall preclude a party from demanding a trial de novo.
> (c) The award of arbitration shall not be made known to the trier of fact at a trial de novo.
> (d) In any trial de novo demanded under this section, if the party demanding a trial de novo does not prevail at trial, the party demanding the trial de novo shall be charged with all reasonable costs, expenses and attorneys' fees of the trial. When there is more than one party on one or both sides of an action, or more than one issue in dispute, the court shall allocate its award of costs, expenses, and attorneys' fees among the prevailing parties and tax such fees against those nonprevailing parties who demanded a trial de novo in accordance with the principles of equity.

(Emphasis added).

HRS § 514B-162 provides, in relevant part:

> **§ 514B-162 Arbitration.** (a) At the request of any party, any dispute concerning or involving one or more unit owners and an association, its board, managing agent, or one or more other unit owners relating to the interpretation, application, or enforcement of this chapter or the association's declaration, bylaws, or house rules adopted in accordance with its bylaws **shall be submitted to arbitration**. . . .
>
> (b) Nothing in subsection (a) shall be interpreted to mandate the arbitration of any dispute involving:
> . . . .
> (4) Actions seeking equitable relief involving threatened property damage or the health or safety of unit owners or any other person;
> . . . .
> (6) Personal injury claims;
> . . . .
> (8) Any other cases which are determined, as provided in subsection (c), to be unsuitable for disposition by arbitration.

(Emphasis added).

Thus, under this statutory scheme, with some exceptions, any party to a dispute involving a condominium unit owner and a condominium association can request the matter be submitted to arbitration pursuant to HRS § 514B-162, but HRS § 514B-163 provides that such submission pursuant to HRS § 514B-162 "shall in no way limit or abridge the right of any party to a trial de novo." However, neither statute precludes such parties from entering into an agreement to engage in binding arbitration.[4] The essential characteristic of binding arbitration is a waiver of a trial *de novo*. See, e.g., Kindred Nursing Ctrs., Ltd. P'ship v. Clark, 137 S. Ct. 1421, 1427 (2017) ("the primary characteristic of an arbitration agreement [is] a waiver of the right to go to court and receive a jury trial") (citations omitted).

---

[4] The legislative history of these statutory provisions, and their HRS Chapter 514A predecessors, confirms that the Legislature desired to mandate arbitration if any party requested it, but recognized the potential constitutional implications of an involuntary mandatory arbitration, and thus provided for a trial *de novo* of any such arbitration, rendering the mandatory arbitration, in effect, non-binding. See 1984 Haw. Sess. Laws Act 107, § 1 at 199; H. Stand. Comm. Rep. No. 665-84, in 1984 House Journal, at 1176; S. Stand. Comm. Rep. No. 241-84, in 1984 Senate Journal, at 1093 ("It is the intent of the bill, as amended, to expedite the disposition of certain disputes and, at the same time, protect the constitutional right of any party to due process and trial by a jury."); Conf. Comm. Rep. No. 70-84, in 1984 House Journal, at 758, Conf. Comm. Rep. No. 68-84, in 1984 Senate Journal, at 944, 945. The Chapter 514A arbitration provisions were subject to various amendments between 1984 and 2004, when they were re-codified as the Chapter 514B arbitration provisions. Specifically, these amendments: (1) clarified which actions for equitable relief are not subject to mandatory arbitration; (2) deleted the termination date for the arbitration provisions; (3) provided the right to demand arbitration for certain unit owners disputing the validity of assessment liens; (4) modified "Horizontal Property Regime Rules" to "Condominium Property Regime Rules"; and (5) updated the prior references to Chapter 658 in light of the adoption of the Uniform Arbitration Act as HRS Chapter 658A. See 1985 Haw. Sess. Laws Act 53, § 1 at 84-85; 1987 Sess. Laws Act 124, §§ 1, 2 at 200-01; 1991 Haw. Sess. Laws Act 282, § 3 at 678-79; 1995 Haw. Sess. Laws Act 11, § 19 at 16; 2001 Haw. Sess. Laws Act 265, §§ 3, 4 at 820. The Chapter 514B arbitration provisions retained these amendments, except that references related to the "Condominium Property Regime Rules" were omitted. See HRS §§ 514B-162, 514B-163 (2006).

Here, six months after initially agreeing to enter into non-binding arbitration, with the question of binding arbitration to-be-determined, McAndrew entered into the "Agreement to Participate in Binding Arbitration." Contrary to McAndrew's assertion, it is the substance, not just the title, of the Binding Arbitration Agreement - "the parties . . . have agreed to conduct a binding arbitration proceeding of the matters in controversy between them" - that makes it clear that she agreed to be bound by the outcome.[5] We conclude that the plain language of the Binding Arbitration Agreement unambiguously expresses the parties' intent to conduct binding arbitration, notwithstanding that it includes an agreement to follow and abide by, *inter alia*, HRS Chapter 514B. Nothing in HRS Chapter 514B, including the above-referenced provisions, precludes parties from entering into a binding arbitration agreement. It is a fundamental principle that "[p]arties who willingly agree to submit [their] claims [to binding arbitration] and distill their accord into a written agreement 'thereby assume[] all the hazards of the arbitration process[.]'" Tatibouet v. Ellsworth, 99 Hawai'i 226, 236, 54 P.3d 397, 407 (2002) (citation omitted). The most essential of those hazards is the relinquishment of the right to a trial *de*

---

[5] In addition to the above-quoted language, after identifying the claims, defenses and issues to be submitted to arbitration, the Binding Arbitration Agreement further states that if any new issues are to be presented, "a separate Agreement to Participate in Binding Arbitration must be signed by all parties before those additional claims, defenses, and/or issues shall be subject to binding arbitration." This additional language further recognizes that the enumerated claims, defenses, and issues being submitted pursuant to the Binding Arbitration Agreement are subject to binding arbitration.

*novo.* Accordingly, we conclude that the Circuit Court did not err in entering the Order of Dismissal.[6]

(2) In CAAP-17-0000568, McAndrew also contends that the Circuit Court erred in awarding costs and entering judgment against her in Civil No. 16-1-1638. McAndrew's argument is simply that because the Circuit Court erred in entering the Order of Dismissal, it further erred in awarding costs and entering judgment against her. As we have concluded that the Circuit Court did not err in entering the Order of Dismissal, we further conclude that this argument has no merit.

(3) & (5) In CAAP-17-0000612, McAndrew contends, on various grounds, that the Circuit Court erred in confirming the Arbitration Award. Relatedly, McAndrew contends that the Circuit Court erred in confirming the Arbitration Award without conducting an evidentiary hearing. We will address McAndrew's latter argument first.

McAndrew argues that an award that has been "appealed" pursuant to HRS § 514B-163 cannot be confirmed without discovery and an evidentiary hearing, citing in the first instance AOAO Tropicana Manor, 73 Haw. at 213, 830 P.2d at 510, which simply states that "[b]y seeking clarification of the unambiguous original award instead of moving to vacate, modify, or correct

---

[6] McAndrew also asserts that the Circuit Court erred in considering parol evidence with respect to the Binding Arbitration Agreement. However, McAndrew fails to cite, and we cannot locate, where in the record the Circuit Court purportedly relied on extrinsic evidence of the parties' communications in interpreting the language of the Binding Arbitration Agreement. In any event, we conduct our review of the Binding Arbitration Agreement *de novo* and conclude that it is an unambiguous agreement to conduct binding arbitration. See Ass'n of Apartment Owners of Waikoloa Beach Villas v. Sunstone Waikoloa, LLC, 129 Hawai'i 117, 120, 295 P.3d 987, 990 (App. 2013), aff'd in part, vacated in part, 130 Hawai'i 152, 307 P.3d 132.

the award pursuant to HRS §§ 658-9 and 658-10, or demanding a trial de novo pursuant to HRS § 514A-127 in a timely fashion, appellees waived their right to any judicial review of the award."[7]   However, as discussed above, HRS § 514B-163, like its predecessor, HRS § 514A-127, provides for a trial de novo only when parties have completed a non-binding arbitration pursuant to HRS § 514B-162,[8] and not when the parties have entered into an agreement to engage in binding arbitration.   Thus, AOAO Tropicana Manor does not support McAndrew's argument that she was entitled an evidentiary hearing in this case.

McAndrew also argues that she is entitled to an evidentiary hearing on the issue of the arbitrator's alleged evident partiality, citing Nordic PCL Constr., Inc. v. LPIHGC, LLC, 136 Hawai'i 29, 358 P.3d 1 (2015).   In Nordic, however – unlike in this case – the party challenging the arbitration award on the grounds of evident partiality filed a motion to vacate the arbitration award on that ground.   Id. at 36, 358 P.3d at 8; see also Narayan v. Ass'n of Apartment Owners of Kapalua Bay Condo., 140 Hawai'i 75, 80, 398 P.3d 664, 669 (2017) (party alleging evident partiality moved to vacate arbitration award on that

---

[7]      In 2004, HRS § 514A-127 was repealed and reenacted, in part, as HRS § 514B-163 with some revisions to the statutory text.   2004 Haw. Sess. Laws Act 164, §§ 2, 26 at 798-99, 813.   In 2007, the Legislature amended Chapter 514A to again include HRS § 514A-127.   2007 Haw. Sess. Laws Act 244, § 2 at 754.   In 2017, Chapter 514A was repealed in its entirety, effective January 1, 2019.   2017 Haw. Sess. Laws Act 181, §§ 2, 47 at 629, 659.

[8]      In 2004, HRS §§ 514A-121 and 514A-122 through 514A-126 was repealed and reenacted as HRS § 514B-162 with some revisions to the statutory text.   2004 Haw. Sess. Laws Act 164, §§ 2, 26 at 796-98, 813.   In 2007, the Legislature amended Chapter 514A to again include HRS §§ 514A-121 and 514A-122 through 514A-126.   2007 Haw. Sess. Laws Act 244, § 2 at 751-54.   In 2017, Chapter 514A was repealed in its entirety, effective January 1, 2019.   2017 Haw. Sess. Laws Act 181, §§ 2, 47 at 629, 659.

ground); Noel Madamba Contracting LLC v. Romero, 137 Hawaiʻi 1, 5, 364 P.3d 518, 522 (2015) (party alleging evident partiality, inter alia, moved to vacate arbitration award on that ground). We conclude that, having failed to file a motion to vacate the Arbitration Award in this case, McAndrew was not entitled to an evidentiary hearing on the issue of evident partiality.

HRS § 658A-22 (2016) unambiguously provides that, upon a motion by a party to an arbitration, "the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23." (Emphasis added); see also Hawaiʻi Elec. Light Co. v. Tawhiri Power LLC, CAAP-11-0000163, 2014 WL 812938, *1 (Haw. App. Feb. 28, 2014) (SDO) ("[Appellee] waived its right to judicial review of the arbitration award by filing a Memo in Opposition to [Appellant]'s Motion to Confirm rather than moving to modify or correct the arbitration award pursuant to HRS § 658A-24 (Supp. 2013), or vacate the award pursuant to § 658A-23 (Supp. 2013)."); Blau v. AIG Haw. Ins. Co., CAAP-11-0000713, 2014 WL 2949437, *1 (Haw. App. June 30, 2014) (SDO). Here, McAndrew was not entitled to a trial de novo pursuant to HRS § 514B-163, and we conclude that she waived her right to challenge the Arbitration Award when she simply filed a memorandum in opposition to a motion to confirm, instead of moving to modify, correct, or vacate the award.

(4) In her points of error in CAAP-17-0000612, McAndrew contends that the Circuit Court erred in entering the Fees Order on Motion to Confirm. However, in her "Legal

Argument," McAndrew argues that the Arbitrator improperly awarded attorneys' fees and makes no argument that the Circuit Court erred in awarding fees in its proceeding on the motion to confirm the Arbitration Award. As discussed above, McAndrew waived her right to challenge the Arbitration Award when she simply filed a memorandum in opposition to a motion to confirm, instead of moving to modify, correct, or vacate the award. As McAndrew failed to make any argument in support of her point of error challenging the Circuit Court's Fees Order on Motion to Confirm, we conclude that any such argument is waived. See Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

The Contentions of the AOAO and the Individual Defendants

(1) The AOAO and the Individual Defendants contend that the Circuit Court erred when it concluded that McAndrew's Complaint for Trial De Novo was not an action in the nature of assumpsit and, on the basis, denied their request for attorneys' fees pursuant to HRS § 607-14 (2016). HRS § 607-14 provides, in relevant part:

> § 607-14 Attorneys' fees in actions in the nature of assumpsit, etc. In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable[.]

"[A]ssumpsit" is "a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001) (citation and internal quotation

marks omitted). "[I]n ascertaining the nature of the proceeding on appeal, this court has looked to the essential character of the underlying action in the trial court." Leslie v. Estate of Tavares, 93 Hawai'i 1, 5, 994 P.2d 1047, 1051 (2000) (citation omitted). "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." Blair, 96 Hawai'i at 332, 31 P.3d at 189 (citation and internal quotation marks omitted). "[A]n equitable claim for relief is not in the nature of assumpsit." Leslie, 93 Hawai'i at 7, 994 P.2d at 1053; see also Lee v. Aiu, 85 Hawai'i 19, 31-32, 936 P.2d 655, 667-68 (1997) (holding that a claim for specific enforcement of an agreement was not an action in the nature of assumpsit, even though the claimant prayed for damages as alternative relief). "Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit." Blair, 96 Hawai'i at 332, 31 P.3d at 189 (citation and internal quotation marks omitted). Where a plaintiff "do[es] not complain of the kinds of economic losses that would result when the expectations of a party to a contract are frustrated," the action is not one in the nature of assumpsit, entitling a prevailing party to attorneys' fees pursuant to HRS § 607-14. Larsen v. Pacesetter Sys., Inc., 74 Haw. 1, 52, 837 P.2d 1273, 1298 (1992).

McAndrew's Complaint for Trial De Novo includes nine causes of action: (1) breach of contract; (2) breach of fiduciary and other duties; (3) breach of Restatement of Property, 3d §§ 6.13, 6.14; (4) breach of HRS §§ 514A and 514B; (5) breach of

covenant of good faith and fair dealing; (6) negligent/intentional infliction of emotional distress; (7) selective enforcement of governing documents; (8) abuse of process; and (9) organized crime. With each of these claims, McAndrew broadly alleged that she suffered damages and, in her prayer for relief, McAndrew sought declaratory and injunctive relief, as well as general, special, and consequential damages.

Looking at the facts and issues raised in McAndrew's complaint, the nature of the entire grievance, and the nature of the relief sought, McAndrew's claims were premised on allegations that, in unreasonably denying her requests to renovate her property, and by applying standards and restrictions on her that were not applied to other unit owners, as well as by filing suit against her, McAndrew suffered injuries in the nature of severe anxiety and emotional distress and incurred significant costs related to her re-submitted requests for renovations. Thus, although McAndrew did allege that her right to approval of reasonable requests for alterations and renovations stemmed from the House Rules, By-Laws, and Declaration governing Kuapa Isle, the injuries alleged were more closely akin to tort damages and the primary relief sought was a declaration that the denial of her renovations was unreasonable and that the AOAO and Individual Defendants should be enjoined from harassing her and should be ordered to allow her renovations to proceed. The complaint does not allege the kinds of economic losses that would result from a breach of contract. Thus, we conclude that the Circuit Court did not err or abuse its discretion in denying the AOAO and the

Individual Defendants' request for attorneys' fees under HRS § 607-14.

(2) The AOAO and the Individual Defendants also contend that the Circuit Court erred when it refused to award attorneys' fees pursuant to HRS § 658A-25, in the action on McAndrew's Complaint for a Trial De Novo. HRS § 658A-25 provides:

> § 658A-25 Judgment on award; attorney's fees and litigation expenses. (a) Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.
> (b) A court may allow reasonable costs of the motion and subsequent judicial proceedings.
> (c) On application of a prevailing party to a contested judicial proceeding under section 658A-22, 658A-23, 658A-24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

(Emphasis added).

In other words, where a party files a motion to confirm an arbitration award (HRS § 658A-22), a motion to vacate an arbitration award (HRS § 658A-23), or a motion to modify or correct an arbitration award (HRS § 658A-24), and the motion is contested, the court is permitted to add an award of attorneys' fees and costs to the judgment entered on the motion in favor of the prevailing party. As this court has recognized, HRS § 658A-25(c) "expressly limits the award of attorney's fees to a prevailing party to a contested judicial proceeding under [HRS §§] 658A-22, 658A-23, 658A-24[.]" In re Arbitration Between United Public Workers, AFSCME, Local 646, AFL-CIO and City and County of Honolulu, 119 Hawai'i 201, 209, 210, 194 P.3d 1163,

17

1171, 1172 (App. 2008) (citation and internal quotation marks omitted).

We conclude the action initiated by McAndrew's Complaint for a Trial De Novo does not constitute a "contested judicial proceeding under section 658A-22, 658A-23, 658A-24." HRS § 658A-22(c). Accordingly, the Circuit Court did not err or abuse its discretion in the Fees Order re Dismissal by denying an award of attorneys' fees under HRS § 658A-25.

For these reasons, we affirm the Circuit Court's July 27, 2017 Judgment Confirming Award entered in Civil No. 14-1-1550 and July 14, 2017 Judgment Dismissing Complaint in Civil No. 16-1-1638.

DATED: Honolulu, Hawai'i, August 23, 2019.

On the briefs:

Matt A. Tsukazaki,
(Li & Tsukazaki),
(on briefs in CAAP-17-0000568
and CAAP-17-0000612, with
M. Anne Anderson and Paul A.
Ireland Koftninow of Anderson
Lahne & Fujisaki LLP, on
answering brief in CAAP-17-0000612)
for Defendants-Appellees/
 Cross-Appellants.

Terrance M. Revere,
Andrew D. Chianese,
(Revere & Associates, LLLC),
for Plaintiff-Appellant/
 Cross-Appellee.

Presiding Judge

Associate Judge

Associate Judge